Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN DEFOREST, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROYAL SEAS CRUISES, INC., and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)];<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]; and<br>3. CALIFORNIA PENAL CODE § 632.7<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff DAN DEFOREST ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

---

CLASS ACTION COMPLAINT

- 1 -

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of ROYAL SEAS CRUISES, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

2. Plaintiff also brings this action, individually and on behalf of all others similarly situated, in connection with Defendant's practice of recording calls to consumers without having first notified said consumers or obtaining their consent to have the call recorded, in violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632.7.

3. The CIPA, Cal. Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendants continue to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION & VENUE

4. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at

least one class member belonging to a different state than that of Defendant, a Florida corporation. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, as well as $5,000 in damages for each recorded conversation in violation of the CIPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

5.  Venue is proper in the United States District Court for the Eastern District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the State of California and Plaintiff resides within the County of Orange.

## PARTIES

6.  Plaintiff, DAN DEFOREST ("Plaintiff"), is a natural person residing in Costa Mesa, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

7.  Defendant, ROYAL SEAS CRUISES, INC. ("Defendant") is seller and marketer of vacation cruises, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

8.  The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9.  Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other

Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

10. Beginning in or around May of 2017, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -7192, in an attempt to solicit Plaintiff to purchase Defendant's services.

11. On information and belief, Defendant hired HELPING HANDS to generate leads and place calls on Defendant's behalf. That is, Defendant hired HELPING HANDS to place calls to telephones numbers of potential leads with whom HELPING HANDS and Defendant might solicit services. Under this arrangement, HELPING HANDS placed calls utilizing pre-recorded voice messages to Plaintiff and others similarly situated by using an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)*. HELPING HANDS would call Plaintiff and others similarly situated and then, when someone such as Plaintiff answers, transfer the call to Defendant.

12. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to solicit its services.

13. Defendant contacted or attempted to contact Plaintiff from telephone numbers confirmed to belong to Defendant, including without limitation (844) 313-4816 and (714) 905-5832.

14. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

15. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

16. During all relevant times, Defendant did not possess Plaintiff's "prior

express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

17. On information and belief, Defendants utilize web scraping tools to pull lists of phone numbers from public sources, and compile said numbers into a list, from which Defendant's ATDS randomly or sequentially dials numbers, utilizing automated means, and with a pre-recorded voice. On information and belief, Defendants do not employ scrubbing technology to scrub/screen either for phone numbers that appear on the National Do Not Call List, or for cellular phone numbers, prior to dialing these "scraped" numbers *en-masse*.

18. Defendant placed multiple calls soliciting its business to Plaintiff on his cellular telephone ending in -7192 beginning in or around May of 2017.

19. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

20. Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

21. During each conversation between Plaintiff and Defendant, Plaintiff maintained a reasonable expectation of privacy. That is, Plaintiff had a reasonable expectation during his phone conversations with Defendant that the conversations would neither be recorded nor overheard.

22. Defendant intentionally recorded their calls with Plaintiff through the use of an electronic device without having first obtaining Plaintiff's consent to be recorded or otherwise notifying Plaintiff that the call was being recorded, thereby violating the CIPA, Cal. Penal Code § 632.7.

23. Upon information and belief, and based on Plaintiff's experiences of being called by Defendant despite having no prior relation to Plaintiff whatsoever, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation

of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## CLASS ALLEGATIONS

24. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of two proposed classes

25. The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

26. Plaintiff represents, and is a member of, The ATDS Class, consisting of all persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

27. The class concerning Defendant's recordings of phone calls in violation of Cal. Penal Code § 632.7 ("The CIPA Class") is defined as follows:

> All persons in California whose inbound and outbound telephone conversations were recorded without their consent and without notification that the calls were being recorded by Defendant or its agent(s) within the one year prior to the filing of this action.

28. The ATDS Class and The CIPA Class may be referred to collectively hereinafter as "The Classes".

CLASS ACTION COMPLAINT
- 6 -

29.     Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Classes' members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

30.     The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes include thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

31.     Plaintiff and members of The ATDS Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and The ATDS Class members via their cellular telephones thereby causing Plaintiff and The ATDS Class members to incur certain charges or reduced telephone time for which Plaintiff and The ATDS Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and The ATDS Class members.

32.     Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a.    Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member

using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b. Whether Plaintiff and The Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

33. As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The ATDS Class.

34. Plaintiff and members of The CIPA Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally recorded inbound and outbound cellular telephone conversations without their consent and without giving them prior notice of the recording within the one year prior to the filing of this action, thereby running afoul of CIPA Class members' reasonable expectations of privacy and causing them damage.

35. Common questions of fact and law exist as to all members of The CIPA Class which predominate over any questions affecting only individual members of The CIPA Class. These common legal and factual questions, which do not vary between CIPA Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a. Whether Defendant has a policy of recording incoming or outgoing calls;

b. Whether Defendant has a policy of recording incoming or outgoing calls initiated to or from a cellular telephone;

c. Whether Defendant discloses to callers or obtains their consent

that their incoming or outgoing telephone conversations were being recorded;

    d.    Whether Defendant's policy of recording incoming or outgoing calls to cellular telephones constitutes a violation of the CIPA, Cal. Penal Code § 632.7;

    e.    Whether Plaintiff and The CIPA Class were damaged thereby, and the extent of damages for such violations; and

    f.    Whether Defendant should be enjoined from engaging in such conduct in the future.

36. As a California resident whose telephone communications from Defendant were recorded without consent or notice, Plaintiff is asserting claims that are typical of The CIPA Class because every other member of The CIPA Class, like Plaintiff, was a person in California who was exposed to practically identical conduct, and they are entitled to the greater of either $5,000 in statutory damages or three times the amount of actual damages for each violation.

37. Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

38. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class's member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court

system, and protects the rights of each Class member.

39. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

40. Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b).**

**On Behalf of The ATDS Class**

41. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-40.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

43. As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

44. Plaintiff and The Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///
///
///

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

**On Behalf of The ATDS Class**

45. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-40.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

47. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff and The Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

48. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

**Violation of the California Invasion of Privacy Act**

**Cal. Penal Code § 632.7**

**On Behalf of The CIPA Class**

49. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-48.

50. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit

constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

51. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

52. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

53. Defendants caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendants.

54. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

55. Said recording equipment was used to record the telephone conversations of Plaintiff and the members of the Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

56. Based on the foregoing, Plaintiff and the members of the Class are

CLASS ACTION COMPLAINT

- 12 -

entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

57. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiffs and the Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## **FIRST CAUSE OF ACTION**

## **Negligent Violations of the Telephone Consumer Protection Act**

## **47 U.S.C. §227(b)**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and The Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

## **SECOND CAUSE OF ACTION**

## **Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

## **47 U.S.C. §227(b)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and The Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

CLASS ACTION COMPLAINT

///

## THIRD CAUSE OF ACTION

### Violation of the California Invasion of Privacy Act
### Cal. Penal Code § 632.7

- For statutory damages of $5,000 per violation of Cal. Penal Code § 632.7 for Plaintiff and each member of The CIPA Class pursuant to Cal. Penal Code § 637.2(a).
- Injunctive relief in the form of an order prohibiting Defendant from unilaterally recording telephone conversations, without first informing and receiving consent from the other party to the conversation.
- That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The CIPA Class, without their prior consent, as required by Cal. Penal Code § 630, et seq., and to maintain the confidentiality of the information of Plaintiff and The CIPA Class.
- For general damages according to proof.
- For costs of suit.
- For prejudgment interest at the legal rate.
- For attorney's fees and costs pursuant to Cal. Code of Civ. Pro. § 1021.5.
- For such further relief as this Court deems necessary, just, and proper.

///
///
///
///
///

///

## JURY DEMAND

58. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 7th Day of June, 2017.

                LAW OFFICES OF TODD M. FRIEDMAN, P.C.

                By:  /s/ Todd M. Friedman
                      Todd M. Friedman
                      Law Offices of Todd M. Friedman
                      Attorney for Plaintiff